TIMOTHY COURCHAINE
United States Attorney
District of Arizona
NATHANIEL J. WALTERS
Assistant United States Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | CR-24-06718-JGZ (LCK) |
| vs. | GOVERNMENT'S SENTENCING MEMORANDUM |
| Nathan Dean Hinte, | |
| Defendant. | |

Now comes the United States of America, by and through its undersigned attorneys, and hereby submits the following sentencing memorandum about the defendant, Nathan Dean Hinte. Sentencing is currently set for May 19, 2026.

## I.   FACTUAL AND PROCEDURAL HISTORY.

The United States agrees with the facts laid out in Paragraphs 6-23 of the Presentence Report ("PSR"). (Doc. 79 at ¶¶ 6-23.)

## II.   CONCURRENCE WITH PSR GUIDELINE CALCULATIONS.

The United States agrees with the calculations as stated in the PSR, dated April 14, 2026. (Doc. 78 at ¶¶ 33-58,) The United States also has no objection to the PSR's finding that the defendant falls into Criminal History Category I. (Doc. 78 at ¶¶ 64-65.) The United States respectfully requests that this Court sentence the defendant to a term of 40 years' imprisonment followed by a term of lifetime supervised release.

///

### III.    UNITED STATES SENTENCING POSITION

This case is not simply about images or videos. It is about the exploitation and betrayal of vulnerable children by someone entrusted with their care and protection: their father. The defendant's conduct has caused profound and lasting harm, not only to the child victims, but also to their mother and the stability of their family.

Even now, after conviction and overwhelming evidence, the defendant continues to minimize, deflect, and deny responsibility for his conduct. The defendant's lack of remorse is truly shocking. It demonstrates that the defendant still prioritizes self-preservation over accountability and continues to fail to appreciate the devastating impact his conduct had on his children.

The Court should impose a sentence that recognizes the gravity of the defendant's conduct and the lifelong trauma inflicted on the victims. The defendant's conduct is so unethical, immoral, and vile that it tears at the fabric of our society. His crimes reflect the absolute worst behavior of human nature. Here, the defendant's conduct, taken with the sentencing factors set forth in 18 U.S.C. § 3553(a), demands a sentence of 40 years' imprisonment.

<u>Nature and Circumstances of the Offense and</u>
<u>the History and Characteristics of the Defendant</u>

The nature and circumstances of this offense are profoundly aggravating. The defendant did not exploit strangers, nor did he target anonymous victims online. He exploited his own children. In doing so, he violated the most fundamental obligations imposed upon a parent: to protect, nurture, and provide safety and stability for his children. Instead, the defendant used his position as a father to sexually exploit vulnerable children for his own gratification. That breach of trust cannot be overstated.

Nor was the defendant's conduct accidental, impulsive, or isolated. The evidence demonstrates deliberate and calculated behavior undertaken over time for the defendant's own sexual interest and gratification. The defendant directed the creation of sexually

exploitative material involving his daughters, concealed his conduct, attempted to delete evidence, and repeatedly lied when confronted by investigators. Even after entering into a plea agreement, the defendant continues to minimize and deny responsibility for his actions.

Importantly, this was also not the first time law enforcement investigated the defendant for conduct involving child sexual abuse material. Rather than serving as a warning or intervention point, that prior investigation was followed by even more disturbing conduct involving his own children.

Under § 3553(a)(1), the Court must consider not only the offense itself, but also the history and characteristics of the defendant. Here, the defendant's history demonstrates a pattern of manipulation, minimization, and refusal to accept accountability. Even during his psychosexual evaluation, the defendant continued attempting to explain away the abuse and exploitation as misunderstandings, "mix ups," or innocent conduct. That persistent refusal to fully acknowledge the harm he caused is highly relevant to the Court's sentencing analysis because it reflects both a lack of remorse and an ongoing danger to the public.

The Court should also recognize that this case did not involve only the creation or distribution of CSAM. The evidence reflects direct, hands-on sexual abuse of the victims themselves. Disclosures from the victims confirmed sexual abuse occurring within the home. Most troubling, the children were able to describe and depict that abuse through their drawings. The fact that these victims were not merely photographed, but personally subjected to sexual abuse by their own father, substantially aggravates the seriousness of the offense and the lasting trauma inflicted upon them.

The Court should also consider the devastating emotional and psychological harm inherent in these offenses. Children subjected to sexual exploitation frequently carry that trauma for the rest of their lives. The harm does not end when the abuse stops. It follows victims into adulthood, into relationships, into school, into employment, and into their most fundamental understanding of trust, safety, and human connection.

And when the perpetrator is the victims' own father, the damage becomes even more

profound. The harm to the victims suffered at the hands of the defendant is heartbreaking. A child naturally looks to a parent for protection, comfort, and security. Here, the very person who was supposed to provide that protection became the source of the trauma itself. That betrayal fundamentally alters a child's understanding of trust and safety in ways that are extraordinarily difficult to repair. The effects of that betrayal are already evident in the victims' anxiety, emotional instability, distrust of others, fear, and behavioral changes following the defendant's conduct.

These are not abstract harms. They are lifelong wounds inflicted by the defendant's deliberate choices. Under § 3553(a), the seriousness of those harms strongly supports a substantial sentence.

<u>The Need for the Sentence to Reflect the Seriousness of the Offense,<br>to Promote Respect for the Law, and to Provide Just Punishment</u>

The § 3553(a)(2) factors strongly support a substantial custodial sentence in this case. The sentence imposed must reflect the extraordinary seriousness of the offense, promote respect for the law, provide just punishment, deter similar conduct, protect the public from further crimes of the defendant, and ensure the defendant receives appropriate treatment and supervision. 18 U.S.C. § 3553(a)(2).

First, the sentence must reflect the seriousness of the offense and provide just punishment. These offenses represent among the most serious crimes prosecuted in federal court because they involve the sexual exploitation of children for the defendant's own gratification. Here, the aggravating circumstances are even more severe because the victims were the defendant's own daughters, all under the age of twelve. The defendant did not merely possess exploitative material created by someone else. He personally created the CSAM, directed the conduct, concealed recording devices, distributed the images of his children to an undercover agent, and sexually exploited children who depended upon him for protection and care. Moreover, the Court should not lose sight of the fact that HSI learned of the defendant's identity only after the defendant responded to

a "bad mom" advertisement and expressed his desire to have sex with a nine-year-old.

A sentence that fails to meaningfully account for the gravity of this conduct would diminish the seriousness of the offense and fail to promote respect for the law. The law imposes special obligations upon parents to protect their children. When a parent instead becomes the source of exploitation and abuse, the violation is uniquely severe. A substantial sentence is necessary to communicate that the sexual exploitation of children, particularly by a parent, will be met with serious consequences proportionate to the harm inflicted.

Second, the Court must consider the need for adequate deterrence. General deterrence carries substantial weight in child exploitation cases. These offenses are frequently committed in secrecy, facilitated through electronic devices and online platforms, and often involve offenders who believe they can avoid detection. A substantial sentence is necessary to deter others who may be inclined to engage in similar conduct and to reinforce that federal law enforcement aggressively investigates and prosecutes crimes involving the sexual exploitation of children.

Specific deterrence is equally important here. The evidence shows that this defendant was previously investigated in 2022 for conduct involving child sexual abuse material. Rather than serving as a wake-up call, that investigation was followed by escalating conduct involving the production of CSAM depicting his own children. That history is significant because it demonstrates that prior law enforcement contact did not deter the defendant from continuing sexually exploitative behavior. The Court should therefore give significant weight to the need for a sentence that specifically deters this defendant from reoffending in the future.

Third, the need to protect the public strongly supports a lengthy custodial sentence and lifetime supervision. The psychosexual evaluation concluded that the defendant presents a moderate risk to sexually reoffend and recommended extensive treatment, monitoring, restrictions on contact with minors, and ongoing supervision. Even more concerning, the defendant continues to minimize and deny responsibility for his conduct.

During the presentence investigation and psychosexual evaluation, he continued claiming the images were a "mix up," denied culpability, and attempted to portray the shower video involving his daughters as "nothing really bad." Rather than accepting responsibility, the defendant continues to portray himself as the victim of an overreaction by law enforcement.

That refusal to fully acknowledge the abuse is highly relevant to dangerousness and recidivism risk. A defendant who continues minimizing sexually exploitative conduct involving children presents a greater concern for community safety because meaningful rehabilitation cannot begin without acceptance of responsibility. The Court therefore should impose a sentence that not only incapacitates the defendant for a substantial period but also ensures long-term supervision and monitoring upon release.

Finally, the Court should consider the need to provide the defendant with appropriate correctional treatment. The record reflects the defendant experienced significant trauma, neglect, and instability throughout his childhood, and the psychosexual evaluation identified mental health concerns requiring treatment. But those circumstances do not excuse or mitigate the profound harm inflicted upon the victims. Rather, they underscore the need for intensive sex offender treatment, mental health counseling, accountability-focused therapy, and strict supervision conditions while in custody and on supervised release.

Ultimately, a substantial sentence is necessary because anything less would fail to adequately reflect the seriousness of the defendant's conduct, fail to provide just punishment for the exploitation of his own children, fail to deter similar crimes, and fail to sufficiently protect the public from further harm.

## IV.    CONCLUSION.

For all of these reasons, and after considering the factors set forth in 18 U.S.C. § 3553(a), the United States respectfully submits that a sentence of 40 years' imprisonment, followed by lifetime supervised release, is appropriate and necessary in this case.

The defendant sexually exploited his own children, caused significant and lasting harm to the victims and their mother, and continues to minimize his conduct despite

overwhelming evidence. A substantial sentence is necessary to reflect the seriousness of the offense, provide just punishment, protect the public, and deter similar conduct.

Accordingly, the United States respectfully requests that the Court impose a sentence of 40 years' imprisonment followed by lifetime supervised release and all recommended conditions.

Respectfully submitted this 12th day of May 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

s/ Nathaniel J. Walters

NATHANIEL J. WALTERS
Assistant United States Attorney

Copy of the foregoing served electronically or by other means this 12th day of May 2026 to:

All ECF Participants